### KENNEDY v. HORIKOSHI.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. REFERENCE—EXAMINATION OF LONG ACCOUNT—COUNTERCLAIM.

Where a complaint alleged a cause of action on contract which was put in issue by the answer, and the cause of action so alleged was not one justifying a compulsory reference, it was error to order such reference of all the issues on defendant's interposing a counterclaim which required the examination of a long account.

Appeal from Special Term, Kings County.

Action by Robert Kennedy against Zenjuro Horikoshi. From an order directing a compulsory reference, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

C. F. Goddard, for appellant.
M. Linn Bruce, for respondent.

WILLARD BARTLETT, J. We agree with the learned judge who made the order at Special Term that the pleadings in this action, if the counterclaim be left out of consideration, do not authorize a compulsory order of reference. The motion was granted solely because the learned judge thought that the examination of a long

account was rendered inevitable by the allegations of the counter-claim. It is settled, however, that, where the plaintiff's cause of action is disputed, a counterclaim cannot operate to make the case referable by compulsion which otherwise would not thus be referable. Where the complaint sets out a cause of action on contract, and this is put in issue by the answer, which also sets up a counterclaim requiring the examination of a long account, it is error to order a reference of all the issues on the motion of the plaintiff against the objection of the defendant. Steck v. Colorado Fuel & Iron Co., 142 N. Y. 236, 37 N. E. 1, 25 L. R. A. 67. In the case cited this proposition was laid down in a carefully considered opinion of the Court of Appeals by Earl, J., against the dissent of three members of the court, expressed in a carefully written opinion by Chief Judge Andrews. We do not find that the decision on this point has since been qualified or questioned, and it is clearly our duty to follow it. The order of reference must therefore be reversed.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.